UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORMAN J. DACK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE WELCH *et al.*,<br><br>　　　　Defendants. | Case No. C05-5257RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 18th, 2005** |

　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. On July 11th, 2005 mail sent to plaintiff by the court was returned as undeliverable. (Dkt. # 8). It has been more than sixty days since mail was returned, the court does not have a current address for the plaintiff. The court entered an order to show cause and has recieved no response. (Dkt. # 11). The plaintiff appears to have abandoned this action.

**DISCUSSION**

Local Rule 41 (b) (2) states:

Report and Recommendation- 1

A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41 (b)(2).

### CONCLUSION

The court should dismiss this action as plaintiff has left no forwarding address and appears to have abandoned the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 18th, 2005**, as noted in the caption.

DATED this 28th day of October, 2005.

                                          Karen L. Strombom
                                          United States Magistrate Judge

Report and Recommendation- 2